**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| DINE CITIZENS AGAINST RUINING OUR ENVIRONMENT, *et al*., | |
| Petitioners, | |
| vs. | |
| DAVID BERHARDT, in his official capacity as Secretary of the United States Department of the Interior, *et al*., | **DJR ENERGY HOLDING, LLC AND BP AMERICA PRODUCTION COMPANY'S MOTION TO INTERVENE (UNOPPOSED)** |
| Respondents, | |
| and | Case No. 1:19-cv-00703-WJ-JFR |
| DJR ENERGY HOLDINGS, LLC, and BP AMERICA PRODUCTION COMPANY, | |
| Applicant-Intervenors. | |

## DJR ENERGY HOLDING, LLC AND BP AMERCA PRODUCTION COMPANY'S MOTION TO INTERVENE

DJR Energy Holdings, LLC ("DJR") and BP America Production Company ("BP"),

collectively the "Operators," move to intervene as defendants pursuant to Fed. R. Civ. P. 24 in

this action.  Together, the Operators are the owners and operators of 22 drilling permits and other

approvals at issue in this case.  Petitioners ask this Court to invalidate all approvals given to the

Operators to conduct operations, and to enjoin the Bureau of Land Management ("BLM") from

approving any pending or future drilling permits that allow for horizontal drilling or hydraulic

fracturing in the Mancos Shale formation.  Petitioners have also filed a motion for a temporary

restraining order and preliminary injunction asking the Court to enjoin "any ongoing or future

ground disturbance, construction, oil and gas drilling, and oil and gas production." Doc. 5-1, at 1. If granted, the preliminary relief would not only preclude drilling of new wells, but would also require the Operators to shut down the development of existing wells and shut in currently producing wells. In turn, the Operators' investment of hundreds of millions of dollars on their leases will be jeopardized, production revenues will be lost, and ongoing development will be left in limbo, contributing to large-scale impacts on local economies, and both safety and environmental concerns. Accordingly, the Operators request the Court grant this motion to intervene as a party defendants.

In accordance with D.N.M.LR-Civ. 7.1(a), counsel for the DJR and BP contacted counsel for the Petitioners and Federal Defendants. The Petitioners take no position on this motion, but ask that all industry intervenors (1) file briefs on the same date as Federal Defendants, (2) limit arguments to the existing or amended claims, and (3) confer with the Federal Defendants to minimize duplication of argument before filing. DJR and BP have voluntarily agreed to these conditions. The Federal Defendants do not oppose this motion.

## MEMORANDUM IN SUPPORT

### I.   BACKGROUND

The Operators have substantial property and contract rights affected by Petitioners' action. The Operators own and operate oil and gas leases issued by BLM giving the Operators the right to drill wells and produce oil and gas. DJR holds 16 permits to drill challenged in this action. BP America hold six permits. Attached as Exhibit A is the affidavit of Donald F. Koenig describing DJR's interest. Attached as Exhibit B is the affidavit of John F. Mummery describing BP's interest.

**II.    ARGUMENT**

As discussed more fully below, the Operators have legally-protectable interests that could be impaired by this litigation and therefore should be granted intervention as of right, or in the alternative, permissive intervention.

**A.    The Operators Have Standing.**

The Operators also have constitutional standing.  The Tenth Circuit's "piggyback standing" rule provides that "parties seeking to intervene under Rule 24(a) or (b) need not establish Article III standing 'so long as another party with constitutional standing on the same side as the intervenor remains in the case.'"  *San Juan Cty. v United States*, 503 F.3d 1163, 1172 (10th Cir. 2007) (en banc).  The Tenth Circuit recently clarified this rule with the caveat that "an intervenor as of right must 'meet the requirements of Article III if the intervenor wishes to pursue relief not requested' by an existing party."  *Kane Cty. v. United States*, 928 F.3d 877, 886 (10th Cir. 2019) (quoting *Town of Chester v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1648 (2017)).  Because the Federal Defendants have not yet filed an Answer to compare the relief they might seek to that sought by the Operators, such a determination cannot be made at this time.  Regardless, the Operators have Article III standing.

"Article III standing requires a litigant to show:  (1) an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged conduct; and (3) the injury can likely be redressed by a favorable decision."  *Kane County*, 928 F.3d at 888 (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000)).  The required showing is easily made here.  The Operators have concrete and particularized interests in the permits to drill and

associated authorizations granted by BLM.  The Operators have invested tens of millions of

dollars in developing the oil and gas wells subject to the litigation, eight of which are currently

producing substantial quantities of oil and gas and generating substantial revenues and royalties

for the Operators and the mineral owners.  Koenig Aff. ¶¶ 3, 6; Mummery Aff. ¶¶ 3, 5, 6.  DJR's

drilling schedule to the end of the year also includes seven wells that are directly threatened by

this lawsuit.  Koenig Aff. ¶ 8.  If drilling is foreclosed and DJR is unable to move to other

locations, significant stand-by costs will be incurred to idle the drilling rig under existing

contracts.  *Id.*  A decision denying the Petition would redress these threats to the Operators'

interests.

      **B.**     **The Operators Are Entitled To Intervention As Of Right.**

      Rule 24 provides that "[o]n timely motion, the court *must* permit anyone to intervene who

… claims an *interest relating to the property or transaction* that is the subject of the action, and

is so situated that disposing of the action may as a practical matter impair or impede the

movant's ability to protect its interest, unless existing parties adequately represent that interest."

Fed. R. Civ. P. 24(a)(2) (emphasis added).  An applicant may intervene as of right under Rule

24(a)(2) if: "(1) the application is timely; (2) the applicant claims an interest relating to the

property or transaction which is the subject of the action; (3) the applicant's interest may as a

practical matter be impaired or impeded; and (4) the applicant's interest is not adequately

represented by existing parties."  *Id.*; *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1249

(10th Cir. 2001) (internal citations omitted); *see also WildEarth Guardians v. Nat'l Park Serv.*,

604 F.3d 1192, 1198 (10th Cir. 2010).  The Tenth Circuit follows "a somewhat liberal line in

allowing intervention," and "[t]he factors of Rule 24(a)(2) are intended to capture the

circumstances in which the *practical effect on the prospective intervenor justifies its participation* in the litigation, and those factors are not rigid, technical requirements." *WildEarth Guardians*, 604 F.3d at 1198 (emphasis added) (internal citations omitted).

The Operators satisfy each of the four elements for intervention as of right.

### 1.      The Motion to Intervene is Timely.

"The timeliness of a motion to intervene is assessed in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances." *Utah Ass'n of Counties*, 255 F.3d at 1250 (quoting *Sanguine, Ltd. v. U.S. Dep't of the Interior*, 736 F.2d 1416, 1418 (10th Cir. 1984)).  This Motion is timely.  The Petition was filed on August 1, 2019.  Doc. 1.  The Operators learned of the litigation on the same day and file this motion only two business days later.  The Federal Defendants have not yet answered and no scheduling order has been entered.  Thus, no existing party will be prejudiced by the timeliness of the Operators' motion.

### 2.      The Operators Have Significant Protectable Interests.

An intervenor must "claim[] an interest relating to the property or transaction that is the subject of the action." Fed. R. Civ. P. 24(a)(2).  As explained by the Tenth Circuit, "[t]he *interest* element is a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *WildEarth Guardians*, 604 F.3d at 1198.  "The threat of economic injury from the outcome of litigation undoubtedly gives a petitioner the requisite interest." *Utahns for Better Transp. v. United States Dep't of Transp.*, 295 F.3d 1111, 1115 (10th Cir. 2002).

As the owners of leases authorized for development under the challenged decisions, the

Operators have direct and substantial interests relating to the property that is the subject of the

action.   The companies' oil and gas leases convey property interests in the right to develop the

leases.  43 C.F.R. § 3101.1-2; *see, e.g., Union Oil Co. of Calif. v. Morton*, 512 F.2d 743, 747

(recognizing "property interest enforceable against the Government") & 750-51 (9th Cir. 1975);

*Sierra Club v. Peterson*, 717 F.2d 1409, 1414 n.7 (D.C. Cir. 1983) (allowing federal oil and gas

lessees to intervene and finding that once the government issues an oil and gas lease, it "no

longer has the authority to preclude surface disturbing activities").  Any relief preventing the

Operators from exercising their lease rights under the drilling permits challenged in this case

would impair those interests.  Further, as stated in the attached affidavit, the Operators have

invested million dollars in developing the leases and drilling the wells BLM has approved.

Petitioners' action threatens that investment.  Accordingly, the Operators satisfy the interest

factor for intervention.

> ### 3.    The Operators' Interests May Be Impaired As A Practical Matter If Intervention Is Denied.

An intervenor must be "so situated that disposing of the action may as a practical matter

impair or impede the movant's ability to protect its interest."  Fed. R. Civ. P. 24(a)(2).  To satisfy

the impairment element, "[a] would-be intervenor must show only that impairment of its

substantial legal interest *is possible* if intervention is denied."  *WildEarth Guardians*, 604 F.3d at

1199 (emphasis added).  Moreover, the impairment element "presents a minimal burden."  *Id*.

Given that "the question of impairment is not separate from the question of existence of

an interest," *Utah Ass'n of Counties*, 255 F.3d at 1253, the Operators readily satisfy the

impairment-of-interest requirement for the same reasons discussed above.  Indeed, in this case

6

Petitioners seek injunctive relief vacating existing drilling permits and enjoining ongoing development, including shutting in of existing wells that currently produce millions of dollars per month in revenue royalties and taxes to the U.S. government, State of New Mexico, and Indian and private mineral interest owners.  Koenig Aff. ¶ 6; Mummery Aff.¶ 6.  Shutting in existing wells and halting the Operators' drilling programs may also result in penalties to the Operators who may be forced to idle drilling rigs.  Koenig Aff. ¶ 8.  Thus, the Operators' interests could be impaired as a result of this litigation.

### 4.     The Companies' Interests Are Not Adequately Represented By Existing Parties.

Lastly, an intervenor's interest must not be "adequately represent[ed]" by "existing parties."  Fed. R. Civ. P. 24(a)(2).  "Although an applicant for intervention as of right bears the burden of showing inadequate representation, that *burden is the 'minimal' one of showing that representation 'may' be inadequate*."  *Utah Ass'n of Counties*, 255 F.3d at 1254 (emphasis added).  "The possibility that the interests of the applicant and the parties may diverge need not be great in order to satisfy this minimal burden."  *Id*. (internal citations omitted).  The Tenth Circuit has "repeatedly recognized that it is on its face impossible for a government agency to carry the task of protecting the public's interests and the private interests of a prospective intervenor."  *WildEarth Guardians*, 604 F.3d 1200.

Absent intervention, the companies would have to rely on the Federal Defendants to represent its interests.  The Operators' interests and the Federal Defendants' interests are not the same.  The Operators have private objectives to protect their financial investments in development, current production from existing wells, and future drilling programs.  The Federal Defendants' focus must necessarily be on protecting broader national interests, such as furthering

the nation's energy policy and managing public lands for multiple uses.  The Federal Defendants

cannot adequately represent both these national interests and the Operators' objectives in

protecting their private property interests.  *See Utahns for Better Transp.*, 295 F.3d at 1117.

Further, if the Petitioners and Federal Defendants were to settle this case without the

Operators' participation, the Operators would have no means to challenge or address the

settlement terms and requirements reached, even though any such agreement might adversely

impact them.  *See Sanguine, Ltd. v. U.S. Dep't of the Interior*, 736 F.2d 1416, 1419 (10th Cir.

1984); *Mille Lacs Band of Chippewa Indians v. Minn.*, 989 F.2d 994, 1001 (8th Cir. 1993)

(noting that if case is settled rather than litigated, divergence in views between the defendants

and applicants for intervention may increase).  For these reasons, the existing parties may not

adequately represent the Operators' interests.

Accordingly, the Operators respectfully request that the Court grant their Motion to

Intervene as a matter of right under Rule 24(a)(2).

### C.      The Operators Qualify For Permissive Intervention Under Rule 24(b).

In the alternative, the Operators are entitled to permissive intervention under Rule 24(b).

That rule provides that "[o]n timely motion, the court may permit anyone to intervene who . . .

has a claim or defense that shares with the main action a common question of law or fact."  Fed.

R. Civ. P. 24(b)(1).  The rule further states that "[i]n exercising its discretion, the court must

consider whether the intervention will unduly delay or prejudice the adjudication of the original

parties' rights."  Fed. R. Civ. P. 24(b)(3).  Thus, the Court may grant permissive intervention

when:  (1) the motion is timely; (2) the applicant's claim or defense and the main action have a

question of law or fact in common; and (3) intervention will not delay or prejudice the

8

adjudication of the rights of the original parties.  *City of Stillwell, Okla. v. Ozarks Rural Elec. Coop. Corp.*, 79 F.3d 1038, 1043 (10th Cir. 1996); *Utah ex rel. Utah State Dept. of Health v. Kennecott Corp.*, 232 F.R.D. 392, 398 (D. Utah 2005) ("*Kennecott Corp.*").  Federal Rule of Civil Procedure 24 is to be construed liberally in favor of intervention.  *Utahns for Better Transp.*, 295 F.3d at 1115.

As explained above, this motion to intervene is timely.  Further, the Operators' responses to Petitioners' claims will present questions of law or fact in common with the main action (both on the merits and the remedy Petitioners seek).  And allowing the Operators to intervene will not delay the proceedings or prejudice the rights of the existing parties.  Significantly, in evaluating permissive intervention, courts consider whether the proposed intervenor will likely contribute to developing the factual issues and reaching a just and equitable adjudication of the legal issues presented.  *Kennecott Corp.*, 232 F.R.D. at 398.  Here, the Operators—with first-hand knowledge of the operations being challenged—can contribute to the Court's understanding of the issues, including Petitioners' request for preliminary injunctive relief, and to reaching a just and equitable adjudication.

## III.  CONCLUSION

DJR and BP America respectfully request that the Court grant their Motion to Intervene as party defendants.

DATED this 5th day of August, 2019.

HOLLAND & HART LLP

*/s/ Robert Sutphin*
Robert Sutphin
Holland & Hart LLP
110 North Guadalupe, Ste. 1
Santa Fe, NM
Phone: (505) 988-4421
Fax: (505) 983-6043
rsutphin@hollandhart.com

Hadassah M. Reimer (Wyo. Bar No. 6-3825)
Holland & Hart LLP
25 S. Willow St., Suite 200
Post Office Box 68
Jackson, WY  83001
Phone: (307) 739-9741
Fax: (307) 739-8175
hmreimer@hollandhart.com
(pro hac pending)

John F. Shepherd, P.C. (Colo. Bar. No. 9956)
Tina Van Bockern
Holland & Hart LLP
555 Seventeenth Street, Suite 3200
Post Office Box 8749
Denver, Colorado  80201-8749
Phone: (303) 295-8000
Fax: (303) 713-6296
jshepherd@hollandhart.com
trvanbockern@hollandhart.com
(pro hac vice pending)

*Attorneys for Applicant-Intervenors*
*DJR Energy Holdings, LLC and BP America*
*Production Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of August, 2019, I caused a true and correct copy of the foregoing Motion to Intervene to be served by CM/ECF upon the addressee(s) listed below:

Kyle Tisdel
Julia Guarino
Western Environmental Law Center
208 Paseo del Pueblo Sur #602
Taos, NM 87571
Ph: (575) 613-8050
Fax: (575) 751-1775
tisdel@westernlaw.org

Corinne Snow
U.S. Department of Justice
Environment and Natural Resources Division
950 Pennsylvania Ave., NW
Washington, DC 20350
Ph: (202) 514-3370
Fax: (202) 305-0506
Corinne.snow@usdoj.gov

Daniel Timmons
Samantha Ruscavage-Barz
WildEarth Guardians
301 N. Guadalupe Street, Suite 201
Santa Fe, NM 87501
Ph: (505) 401-4180
dtimmons@wildearthguardians.org
sruscavagebarz@wildearthguardians.org

Karimah Schoenhut
Sierra Club
50 F. Street NW, 8th Floor
Washington DC, 20001
Ph: (202) 548-4584
karimah.schoenhut@sierraclub.org

*/s/ Robert Sutphin*
Robert Sutphin

13334399_v4