**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DINÉ CITIZENS AGAINST RUINING
OUR ENVIRONMENT, *et al.*,

    Plaintiffs,

    v.                                                                                  Case No. 1:19-cv-00703-WJ-JFR

DAVID LONGLY BERNHARDT,
in his official capacity as Secretary of
the United States Department of the
Interior, *et al.*,

    Federal Defendants.

**FEDERAL DEFENDANTS' RESPONSE TO PLAINTIFFS' AUGUST 1, 2019**
**"PETITION FOR REVIEW OF AGENCY ACTION" [ECF NO. 1]**

    Federal Defendants hereby respond to Plaintiffs' August 1, 2019 "Petition for Review of Agency Action," ECF No.1 (hereinafter "Petition"), as follows:

1.    Plaintiffs' Petition alleges that the United States Bureau of Land Management ("BLM") (through its Officers, the named Federal Defendants) has violated various provisions of the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321-4370m-12, in approving applications for permit to drill ("APDs") into the Mancos Shale/Gallup formations ("Mancos Shale"), ECF No. 1 ¶ 1.

2.    Because NEPA does not provide for private rights of action against Federal Defendants, the claims presented in Plaintiffs' Petition are cognizable, if at all, only pursuant to the judicial review provisions of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706. *See, e.g., Wyoming v. U.S. Dep't of Agriculture*, 661 F.3d 1209, 1226 (10th Cir. 2011) (stating that because NEPA does not provide a private right of action, the court reviews the agency's decision

as final agency action under the APA); *Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Serv.*, 58 F. Supp. 3d 1191, 1221 (D.N.M. 2014) ("The APA describes the exclusive mechanism— unless another mechanism is specifically provided by statute—by which the federal district courts may review the actions of federal administrative agencies."); *Conservation Cong. v. U.S. Forest Serv.*, 235 F. Supp. 3d 1189, 1199 (E.D. Cal. 2017) ("Because Plaintiff's claims arise under Acts [including NEPA] that do not provide a separate standard for review, the claims are reviewed under the standards of the APA."), *aff'd*, 775 F. App'x 298 (9th Cir. 2019). Plaintiffs' Petition at least tacitly recognizes this restriction on judicial review of their claims. *See, e.g.*, ECF No. 1 ¶¶ 1, 5, 8, 11, 33-34, 95.

3. In *Olenhouse v. Commodity Credit Corp.*, the Tenth Circuit held that challenges to federal agency actions pursuant to the judicial review provisions of the APA are not subject to the use of normal civil trial procedures:

> A district court is not exclusively a trial court. In addition to its *nisi prius* functions, it must sometimes act as an appellate court. Reviews of agency action in the district courts must be processed *as appeals*. In such circumstances the district court should govern itself by referring to the Federal Rules of Appellate Procedure.

42 F.3d 1560, 1580 (10th Cir. 1994). *See also Forest Guardians v. U.S. Fish & Wildlife Serv.*, No. CV 06-231 WJ/KBM, 2008 WL 11399512, at *2 (D.N.M. May 14, 2008); *WildEarth Guardians v. Salazar*, No. 10-CV-0002-WPJ/SMV, 2014 WL 10209231, at *1 n.1 (D.N.M. July 30, 2014).

4. In *Olenhouse*, the Tenth Circuit stated that part of "the illicit procedure [the district court] employed to determine the issues for review" was that the district court had "processed the [plaintiffs'] appeal as a separate and independent action, initiated by a complaint and subjected to discovery and a 'pretrial' motions practice." 42 F.3d at 1579. *See also N. New Mexicans*

*Protecting Land Water & Rights v. United States*, No. CV 15-0559 JB/LF, 2015 WL 8329509, at *12 (D.N.M. Dec. 4, 2015) ("Furthermore, in *Olenhouse* . . . , the Tenth Circuit states that a district court's job in APA cases is not to determine which facts are disputed—like it does in the Complaint and Answer procedure, [but] is to act as an appellate court, and to determine whether the agency considered the relevant information or made an arbitrary and capricious decision." (citing *Olenhouse*, 42 F.3d at 1579)).

5.  The law in the Tenth Circuit, as set forth in *Olenhouse*, is clear that a "Complaint" is an improper vehicle for initiating claims challenging federal agency action in federal district court. Therefore, Plaintiffs appropriately initiated this litigation though a "Petition for Review," to which no "Answer" is required under the Federal Rules of Civil Procedure, which are generally inapplicable. *See, e.g., Forest Guardians v. U.S. Fish & Wildlife Serv.*, 611 F.3d 692, 702 n.12 (10th Cir. 2010) ("Even though this action was originally filed in the form of a complaint, the parties later agreed to proceed as if it properly had been filed as a petition for review of agency action.  On October 22, 2007, Forest Guardians filed an opening brief on the merits of its petition for review, arguing that it was entitled to judgment on all of its claims." (citing *Olenhouse*, 42 F.3d at 1579-80)); *San Diego Cattlemen's Cooperative Ass'n v. Vilsack*, No. 1:14-cv-00818-RB/WPL, 2015 WL 12866452, at *5 (D.N.M. Apr. 20, 2015) (denying motion for an order requiring Federal Defendants to answer complaint in APA case).

6.  In accordance with *Olenhouse*, the Parties should work to agree on a schedule for production of the Administrative Records for the Projects and briefing on the merits of Plaintiffs' appeals from the challenged agency action for any claims remaining after any motions to dismiss are resolved. *See, e.g., WildEarth Guardians v. U.S. Forest Serv.*, 668 F. Supp. 2d 1314, 1323 (D.N.M. 2009) (noting that the case was resolved on the merits based on briefing that "is

consistent with the Federal Rules of Appellate Procedure" and the Court's scheduling order); *see also id.* ("Although [the plaintiff] captioned its initial filing as a 'Complaint' rather than a 'Petition for Review of Agency Action,' the parties subsequently agreed to proceed under *Olenhouse* in briefing the merits.").

Dated: October 4, 2019.

                                          JEAN E. WILLIAMS
                                          Deputy Assistant Attorney General

                                          /s/ *Corinne Snow 10/4/19*
                                          CORINNE SNOW
                                          Andrew Smith
                                          Environment and Natural Resources Division
                                          United States Department of Justice
                                          950 Pennsylvania Ave, NW
                                          Washington, D.C. 20530
                                          Tel: (202) 514-3370
                                          corinne.snow@usdoj.gov

                                          JOHN C. ANDERSON
                                          United States Attorney


                                          CHRISTOPHER F. JEU
                                          Assistant United States Attorney
                                          P.O. Box 607
                                          Albuquerque, New Mexico 87103
                                          (505) 224-1458; Fax: (505) 346-7205
                                          Christopher.Jeu@usdoj.gov

                                          *Counsel for Federal Defendants*


**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on October 4, 2019, I filed the foregoing pleading electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

      /s/ *Corinne Snow*
Corinne Snow
Attorney for Defendants