IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| DINÉ CITIZENS AGAINST RUINING OUR ENVIRONMENT, *et al.*,<br><br>    Plaintiffs,<br>v.<br><br>DAVID BERNHARDT, *et al.*,<br><br>    Defendants,<br><br>NAVAJO ALLOTTEES,<br><br>    Defendant-Intervenors,<br>  and<br><br>DJR ENERGY HOLDING, LLC, *et al.*,<br><br>    Defendant-Intervenors,<br><br>  and<br><br>ENDURING RESOURCES IV, LLC,<br><br>    Defendant-Intervenors,<br>  and<br><br>AMERICAN PETROLEUM INSTITUTE,<br><br>    Applicant Defendant-Intervenors. | Case No. 1:19-cv-00703-WJ-JFR |

**PLAINTIFFS' RESPONSE TO NAVAJO ALLOTTEES' NOTICE OF JOINDER OF SIMILARLY SITUATED ALLOTTEES AND REQUEST FOR BRIEFING SCHEDULE**

On August 6, 2019, Delora Hesuse, Alice Benally, Lilly Comanche, Virginia Harrison, Samuel Harrison, Verna Martinez, Lois Phoenix, and Mabel C. Senger (collectively "Intervenor-Allottees") filed an Unopposed Motion to Intervene in Support of Defendants, Dkt. No. 23, which this Court granted on August 22. Dkt. No. 50. Then, on October 18, 2019, Allottees filed a

Notice of Joinder of Similarly Situated Allottees, Dkt. No. 75, which seeks the permissive joinder of 196 additional allottees (collectively "Additional Allottees") under Fed. R. Civ. P. 20(a)(2). Plaintiffs (collectively "Citizen Groups") oppose permissive joinder of these Additional Allottees. First, Additional Allottees should have submitted a motion to intervene under Fed. R. Civ. P. 24 rather than seeking permissive joinder under Rule 20(a)(2), which is a right belonging to plaintiffs rather than defendants or, in this case, intervenor-defendants. *See Hefley v. Textron, Inc.*, 713 F.2d 1487, 1499 (10th Cir. 1983). Second, even if Additional Allottees had sought intervention in the case by motion, any interest Additional Allottees may have in the subject case is adequately represented by the Intervenor-Allottees who have already been granted intervention. Citizen Groups do not oppose Intervenor-Allottees' request for a briefing schedule, presuming that this request is for a briefing schedule on the merits of this case, pending resolution of Citizen Groups' Motion for preliminary relief. Dkt. No. 5.

## ARGUMENT

**I. Additional Allottees Cannot be Joined as Intervenor-Defendants by Notice Under Rule 20**

Although current Intervenor-Allottees attempt to join Additional Allottees by Notice, Dkt. No. 75, this is not a right afforded under Rule 20. As provided by Rule 20(a)(2), defendants may be joined if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Here, the present case was filed against Federal Defendants for failure to comply with the National Environmental Policy Act ("NEPA"). This is not a case implicating any right to relief against individuals, or involving a question of law or fact common to individual defendants.

1

Critically, as the Tenth Circuit has made clear, neither defendants or intervenor-defendants have the right seek joinder under Rule 20(a)(2):

> [J]oinder of defendants under rule 20 is *a right belonging to plaintiffs*, and only when a right to relief is asserted against each defendant… Further, while rule 20 might be read in conjunction with rule 14 to allow the joinder of several third-party defendants, *a defendant can not use rule 20 to join a person as an additional defendant*. Rule 19 is available if an action should not proceed without a particular person as a defendant, but the requirements of that rule are not met here. Second, without intimating that rule 20 is available to defendants, we note that in any event the rule is permissive; whether to allow such joinder is left to the discretion of the trial judge.

*Hefley*, 713 F.2d at 1499 (emphasis added). Thus, Additional Allottees cannot be joined simply by Notice. Dkt. No. 75. If Additional Allottees wish to participate in this case as defendants, they must do so through a motion to intervene under Rule 24.

## II.  Additional Allottees Fail to Satisfy Intervention Under Rule 24

Under Rule 24 of the Federal Rules of Civil Procedure, an interested party to a suit may seek to intervene through either intervention of right or permissive intervention. Fed. R. Civ. P. 24(a)-(b). An applicant may intervene as a matter of right if: "(1) the movant claims an interest relating to the property or transaction that is the subject of the action[1]; (2) the disposition of the litigation may, as a practical matter, impair or impede the movant's interest; and (3) the existing

---

[1] As an initial matter, Additional Allottees have not articulated a "direct, substantial, and legally protectable" interest in this litigation, as required for intervention of right. *Alameda Water & Sanitation Dist. v. Browner*, 9 F.3d 88, 90 (10th Cir. 1993). Additional Allottees' description of "individually tailored affidavits . . . detailing the personalized economic harms that will befall" the Additional Allottees if a preliminary injunction is granted, Dkt. No. 75, at 7, is belied by the two-page form declarations submitted to this Court, which merely describe each individual as a citizen of the Navajo Nation with allotment interests, but make no representation of an interest in the particular drilling permits at issue in this litigation. *See* Dkt. Nos. 75-1, 75-2. Permissive intervention, however, does not require the same "direct personal or pecuniary interest in the subject matter of the litigation." *Diamond v. Charles*, 476 U.S. 54, 77 (1986).

parties do not adequately represent the movant's interest." *WildEarth Guardians v. Nat'l Park Serv.,* 604 F.3d 1192, 1198 (10th Cir. 2010) (citing *Coalition of Ariz./N.M. Counties for Stable Econ. Growth v. Dep't of Interior,* 100 F.3d 837, 840 (10th Cir.1996)). For permissive intervention, "a party need not have a direct personal or pecuniary interest in the subject of the litigation," *San Juan County, Utah v. United States*, 503 F.3d 1163, 1207 (10th Cir.2007) (en banc); however, the court still must "consider whether intervention will cause undue delay or prejudice." *Id.* Moreover, "a court's finding that existing parties adequately protect prospective intervenors' interests will support a denial of permissive intervention." *Am. Ass'n of People With Disabilities v. Herrera*, 257 F.R.D. 236, 249 (D.N.M. 2008). Here, neither intervention of right nor permissive intervention are appropriate. Even if Additional Allottees had sought intervention by motion, their interests in the subject case are adequately represented by the Intervenor-Allottees, who have already been granted intervention.

      The Tenth Circuit has held that the burden to satisfy the inadequate representation condition is "minimal," and that "[t]he possibility of divergence of interest need not be great in order to satisfy the burden of the applicants." *Coalition of Ariz./N.M. Counties,* 100 F.3d at 844-45. In general, "an intervenor need only show the *possibility* of inadequate representation." *Utah Ass'n of Counties v. Clinton,* 255 F.3d 1246, 1254 (10th Cir. 2001) (emphasis original). But, the Tenth Circuit has also held that "[t]his precedent does not apply, however, when interests are aligned." *San Juan County,* 503 F.3d at 1204. Rather, "the general presumption [is] that 'representation is *adequate* when the objective of the applicant for intervention is identical to that of one of the parties.'" *Id*. (quoting *City of Stilwell, Okl v. Ozarks Rural Elec. Co-op. Corp.,* 79 F.3d 1038, 1042 (10th Cir. 1996)). Therefore, absent "a concrete showing of circumstances … that make [the existing party's] representation inadequate," intervention should be

3

denied. *Stilwell,* 79 F.3d at 1043 (quoting *Bottoms v. Dresser Indus., Inc.,* 797 F.2d 869, 872 (10th Cir. 1986)). Where, as here, the Additional Allottees share a single litigation objective with the other Intervenor-Allottees, *see* Dkt. No. 50, and where the Additional Allottees have neither demonstrated or argued any other objective, the Tenth Circuit will "presume adequate representation" from the existing parties. *See San Juan County,* 503 F.3d at 1206 (denying intervention where proposed intervenor shared interests with Federal Defendants).

This is particularly true here, where the 196 Additional Allottees are specifically described as "similarly situated to the other eight Navajo Allottees" with respect to their economic interests in the ongoing development of their mineral rights. Dkt. 75, at 1. Additional Allottees claim to demonstrate their particularized interests in this case via a two-page form declaration that merely describes each individual as a citizen of the Navajo Nation with allotments interests, but they make no attempt to distinguish their general interest in maintaining oil and gas royalty payments from the identical interests of the original Intervenor-Allottees. Indeed, the existing Allottees not only represent the exact same interests in their Motion to Intervene, Dkt. No. 23, but are represented by the same counsel, plainly indicating an alignment of interests.

Citizen Groups appreciate that the present case involves issues of broad relevance to the Navajo Nation, and to individuals living near and/or having allotment interests in ongoing oil and gas development across the Greater Chaco Landscape. Citizen Groups also recognize a difference of opinion within the community regarding the future of such development, as evidenced by the declarations of irreparable harm by the Navajo citizens and allotment owners submitted in support of Citizen Groups' motion for preliminary relief. *See* Dkt. No. 5-37; Dkt. No. 61-2; Dkt. No. 61-3; Dkt. No. 61-4; Dkt. No. 61-5; Dkt. No. 61-6; Dkt. No. 61-7. However,

these divergent interests are adequately represented by the existing parties to the case. Adding any and all generally interested individuals would open this litigation to literally thousands of people. It would frustrate the purpose of Rule 24, cause delay and prejudice in the proceedings, and distract the Court's attention from the issues in the case. Fed. R. Civ. P. 24(b)(3). *See, e.g., Am. Ass'n of People With Disabilities*, 257 F.R.D. at 259 (denying intervention where it is "likely to lead to delays that could prejudice the Plaintiff's case and the Defendant"); *Washington Elec. Co-op., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 98 (2d Cir.1990) (upholding denial of permissive intervention where "the district court found that permissive intervention would unduly complicate and further delay the litigation.").

      Adding nearly two hundred Additional Allottees as intervenors in this case would unduly complicate and delay these proceedings, as has already been demonstrated. The original Allottees moved to intervene in this case on August 6, 2019, Dkt. No. 23; this Court granted Allottees' motion to intervene on August 22, 2019. Dkt. No. 50. On August 20, 2019, the Allottees specifically informed the Court of their intent to "join" additional allottees by September 9, 2019, Dkt. No. 48, but then failed to do so until October 18, 2019. On September 5, 2019, 14 days after Allottees were granted intervention, Citizen Groups filed their Notice of Completion of Briefing of Plaintiffs' Motion for Preliminary Injunction, indicating that briefing of this motion was complete. Dkt. No. 62. On September 6, 2019, Allottees responded to Citizen Groups' Notice, but not by filing a substantive response to the Motion for Preliminary Injunction, or a motion requesting leave to file a response out of time, as required by the Court's rules. *See* D.N.M. LR-Civ 7.4 (requiring filing of response briefs within 14 days after motion, but allowing extensions by agreement of parties or by timely motion filed with the court). Instead, Allottees simply "restated their notice of intention to request a modest briefing schedule

from the Court at an appropriate time." Dkt. No. 64, at 3. Disregard for the rules and procedures of this Court by Intervenor-Allottees has already caused undue delay and prejudice in these proceedings, which further weighs against the participation of nearly two hundred Additional Allottees.

Moreover, the existing Intervenor-Allottees' filings demonstrate an intent to litigate the general issue of oil and gas development across the Chaco Landscape, not whether the specific federal drilling permits challenged by Citizen Groups violated NEPA. The form declarations submitted by the Additional Allottees mischaracterize the potential outcome of Citizen Groups' motion as "effectively halt[ing] the current and future oil and gas production" in the area, and then continue to state, without specific reference to the circumstances of any individual, that "stopping the only source of income desperately relied upon to feed, shelter, clothe and protect our families." *See* Dkt. 75-1. Both existing Intervenor-Allottees and Additional Allottees ignore that this case is not about oil and gas development generally, but about a discrete set of BLM drilling permits. Moreover, the Motion for Preliminary Injunction only seeks to enjoin activities on 59 permitted wells that remained uncompleted at the time of filing. *See* Plaintiffs' Reply, Dkt. No. 61, at 1. Citizen Groups do not seek preliminary relief with respect to oil and gas production on any of the other wells at issue in this case; nor does this case have broader implications for the thousands of oil and gas wells already in production – and royalties being generated – across the Greater Chaco Landscape.

Because Additional Allottees' objective is identical to the interests of existing Intervenor-Allottees, granting intervention would cause delay and prejudice to the underlying proceedings in contravention to the purpose of Rule 24 of the Federal Rules of Civil Procedure. Citizen Groups therefore request this Court to deny intervention for Additional Allottees.

6

### III.     Citizen Groups Support Allottees' Request for a Briefing Schedule on the Merits

If Allottees seek a briefing schedule on the merits, Citizen Groups do not oppose this request pending resolution of Citizen Groups' motion for preliminary relief.

However, if Intervenor-Allottees' request for a briefing schedule, Dkt. No. 75 at 8, is a request to the Court for a briefing schedule on Citizen Groups' Motion for a Preliminary Injunction, Dkt. No. 5 (August 1, 2019), Citizen Groups point to their Notice of Briefing Completion of Plaintiffs' Motion for Preliminary Injunction, Dkt. No. 62 (September 5, 2019). As noted above, Allottees sought intervention in this case on August 6, 2019, Dkt. No. 23, which the Court granted on August 22. Dkt. No. 50. Existing Intervenor-Allottees have had ample time to file a Response to Citizen Groups' Motion for a Preliminary Injunction within the timeframe prescribed by local rules, which provides 14 calendar days for a reply to a motion. D.N.M.LR-Civ. 7.4(a). Similarly, existing Intervenor-Allottees could have, but did not, confer with Citizen Groups and the other parties regarding an extension of their deadline to respond. *Id.* Nor did Intervenor-Allottees file a motion with the Court seeking a reasonable extension. *Id*. Instead, Intervenor-Allottees delayed for months before asking the Court to issue a briefing schedule. Intervenor-Allottees failed to acknowledge that such a request was untimely, and improperly made the request through a Notice rather than motion.

Citizen Groups' motion for preliminary relief now rests with the Court to either issue a ruling or to schedule a hearing. Additional Allottees' Notice does not provide any grounds to allow briefing outside of the timeframe prescribed by local rules or to delay and prejudice action of the Court.

### CONCLUSION

Citizen Groups oppose Allottees' Notice of Joinder of Similarly Situated Allottees, because Rule 20(a)(2) does not allow defendants to seek permissive joinder in this manner. Even if Additional Allottees had sought intervention in the case through a Rule 24 motion, any interest Additional Allottees have in the outcome of this case is adequately represented by the existing Intervenor-Allottees. Citizen Groups do not oppose Intervenor-Allottees' request for a briefing schedule on the merits, but oppose further briefing and delay of this Court's resolution of Citizen Groups' motion for preliminary relief.

RESPECTFULLY SUBMITTED this 31st day of October, 2019.

/s/ Julia Guarino
Julia Guarino
WESTERN ENVIRONMENTAL LAW CENTER
208 Paseo del Pueblo Sur, Suite 602
Taos, New Mexico 87571
(p) 575.224.6205
guarino@westernlaw.org

/s/ Kyle J. Tisdel
Kyle J. Tisdel
WESTERN ENVIRONMENTAL LAW CENTER
208 Paseo del Pueblo Sur, Suite 602
Taos, New Mexico 87571
(p) 575.613.8050
tisdel@westernlaw.org

*Counsel for Plaintiffs*

/s/ Daniel Timmons
Daniel Timmons
WILDEARTH GUARDIANS
301 N. Guadalupe Street, Suite 201
Santa Fe, NM  87501
(p) 505.570.7014
dtimmons@wildearthguardians.org

/s/ Samantha Ruscavage-Barz
Samantha Ruscavage-Barz
WILDEARTH GUARDIANS
301 N. Guadalupe Street, Suite 201
Santa Fe, NM 87501
(p) 505.401.4180
sruscavagebarz@wildearthguardians.org

*Counsel for Plaintiff WildEarth Guardians*

/s/ Karimah Schoenhut
Karimah Schoenhut (D.C. Bar No. 1028390)
(appearing by association with Federal Bar
member Kyle J. Tisdel pursuant to L.R. 83.3(a))
SIERRA CLUB
50 F Street NW, 8th Floor
Washington DC 20001
(p) 202.548.4584
karimah.schoenhut@sierraclub.org

*Counsel for Plaintiff Sierra Club*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on October 31, 2019, I electronically filed the foregoing PLAINTIFFS' RESPONSE TO NAVAJO ALLOTTEES' NOTICE OF JOINDER OF SIMILARLY SITUATED ALLOTTEES AND REQUEST FOR BRIEFING SCHEDULE with the Clerk of the Court via the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Julia Guarino
Western Environmental Law Center
Counsel for Plaintiffs

9