IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DINÉ CITIZENS AGAINST RUINING
OUR ENVIRONMENT, *et al.*,

      Plaintiffs,

v.                                                                                                No. 1:19-cv-00703-WJ-JFR

DAVID BERNHARDT, *et al*.,

      Defendants.

### ORDER STRIKING NAVAJO ALLOTTEES' "NOTICE" OF JOINDER OF SIMILARLY SITUATED ALLOTTEES AND REQUEST FOR BRIEFING SCHEDULE

THIS MATTER is before the Court on Delora Hesuse, Alice Benally, Lilly Comanche, Virginia Harrison, Samuel Harrison, Verna Martinez, Loyce Phoenix, and Mabel C. Senger's (collectively, "Navajo Allottees") "Notice of Joinder of Similarly Situated Allottees and Request for Briefing Schedule" (**Doc. 75**). Having reviewed the "Notice," which was inappropriately and inaccurately filed as a notice, rather than a motion, the Court **STRIKES** the Notice but will allow Navajo Allottees to re-file and move for the requested relief in accordance with the Federal Rules of Civil Procedure.

### BACKGROUND

This is an environmental case wherein Plaintiffs seek injunctive relief to prevent the drilling and fracking of shale oil wells by the United States Bureau of Land Management. (*See* Doc. 5.) Navajo Allottees are owners of mineral rights whose incomes could be adversely affected if and when Plaintiffs obtain the injunctive relief they seek in this case. (Doc. 23-1.) Navajo Allottees filed a document on August 20, 2019, purporting to put all parties on notice that they intended to join additional mineral rights owners as intervenors and representing that they would

do so by September 9, 2019.  (Doc. 48.)  However, Navajo Allottees did not file the instant Notice until October 18, 2019, more than a month after their self-declared deadline.

As a threshold matter, the Court notes that the confusing language in Navajo Allottees' two Notices (Docs. 48, 75) makes it difficult for the Court to ascertain precisely what relief they seek. In the first Notice (Doc. 48), Navajo Allottees refer to additional individuals wanting to join their Motion to Intervene (Doc. 23.)  That Motion was granted on August 22, 2019, with the Court understanding only the original eight individuals named in the Motion (Doc. 23 at 1) were to be intervenors who would represent the interests of the Navajo Nation mineral rights owners.  (*See* Doc. 50).  Navajo Allottees then filed the instant Notice, (Doc. 75),  requesting the Court allow 196 "similarly situated Navajo allottees" to "join" this suit as intervenors.  Thus, it appears that by issuing this "Notice," Navajo Allottees are actually requesting the Court allow these 196 individuals to intervene in this case as additional Navajo Allottee Intervenors.

## DISCUSSION

Navajo Allottees' "Notice of Joinder" is more properly characterized as a motion for joinder under Federal Rule of Civil Procedure 20(a)(2) to the extent the document seeks permissive joinder of 196 similarly situated allottees whose interest align with the original eight Navajo Allottee Intervenors (Doc. 75 at 1, 7.)  However, the Tenth Circuit has held that Rule 20(a)(2) is a device for plaintiffs to dictate joinder, not defendants.  *Hefley v. Textron, Inc.*, 713 F.2d 1487, 1499 (10th Cir. 1983).  Because the Navajo Allottees have moved to intervene on behalf of Defendants, (*see generally* Doc. 23), the Court finds the *Hefley* reasoning applies to Navajo Allottees' "Notice," and that Rule 20(a)(2) is not the appropriate vehicle for the similarly situated allottees to join this suit.  Furthermore, the Court has not located, and Navajo Allottees have not cited, any authority which supports the use of Rule 20 to join additional intervenors.

Navajo Allottees should have filed a Motion to Intervene pursuant to Federal Rule of Civil Procedure 24.  While it strikes the Court that implicit in the use of the term "similarly situated allottees" is the notion that the interests of these 196 individuals are aligned with the eight existing Navajo Allottee Intervenors, the Court will allow Navajo Allottees to file a Rule 24 Motion to explain why intervention of these additional individuals should be permitted.  In other words, the burden is on Navajo Allottees to persuade the Court that adding 196 more Navajo Allottee Intervenors is in the best interest of justice and judicial economy and is not merely unnecessary cumulative support for the interests already represented in this litigation.

**IT IS THEREFORE ORDERED** that Navajo Allottees' Notice of Joinder of Similarly Situated Allottees and Request for Briefing Schedule (Doc. 75) is hereby **STRICKEN**.  Navajo Allottees have fourteen days from the entry of this Order to re-file the Notice as a Motion in accordance with the Federal Rules of Civil Procedure.  Parties who oppose the motion to intervene may file the appropriate response in opposition in accordance with the local rules of this Court.

**IT IS SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE