IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| DINÉ CITIZENS AGAINST RUINING OUR ENVIRONMENT, *et al*.; </br></br>　　　　　Plaintiffs, </br></br> vs. </br></br> DAVID BERNHARDT, *et al*.; </br></br>　　　　　Defendants. | )</br>)</br>)</br>)　　No. 1:19-cv-00703-WPJ-JFR</br>)</br>)</br>)</br>)</br>)</br>)</br>) |

### INTERVENOR NAVAJO ALLOTTEES' MOTION FOR INTERVENTION OF ADDITIONAL, SIMILARLY SITUATED ALLOTTEES

On August 22, 2019, the Court granted the unopposed intervention of Delora Hesuse, Alice Benally, Lilly Comanche, Virginia Harrison, Samuel Harrison, Verna Martinez, Lois Phoenix, and Mabel C. Senger (collectively, "Intervenor Navajo Allottees"). (Doc. 50). As described in their Motion to Intervene (Doc. 23), there are hundreds of Navajo Nation citizens who own mineral rights currently in production or approved for production by the United States Department of the Interior. Intervenor Navajo Allottees have kept the Court apprised of their intent to join additional allottees in support of Defendants, following community meetings. (Doc. 48, 64). On August 22, 2019, the Court issued an order granting the Navajo Allottees' Motion to Intervene. (Doc. 50).

Pursuant to Federal Rule of Civil Procedure 24, Intervenor Navajo Allottees hereby move to intervene as of right pursuant to Rule 24(a)[1] or, alternatively, permissively under Rule 24(b),[2] for the admission of 196 similarly situated allottees identified herein as additional Interveners in the present action. These 196 additional Navajo allottees are similarly situated to the eight Intervenor Navajo Allottees in that their sole or primary source of income—flowing from the ongoing development of their allotted minerals—is at serious risk in this litigation. The injunctive relief Plaintiffs request would be calamitous for the Intervenor Navajo Allottees and for the additional, proposed Intervenors, who have all executed notarized affidavits attesting to the

---

[1] A judge must allow intervention under Fed. R. Civ. P. 24(a)(2) when the proposed intervenor (1) has an interest relating to the property or transaction underlying the case whose (2) rights would be impeded or impaired by disposition of the case and (3) whose rights are inadequately represented by the existing parties. This is not a "mechanical rule" with "rigid, technical requirements." *San Juan Cnty., Utah v. U.S.*, 503 F.3d 1163, 1195 (10th Cir. 2007) (en banc). Efficiency and fairness dictate that a movant should be allowed to intervene if it will be substantially affected by the outcome. *Id.* at 1195 (citing Fed. R. Civ. P. 24 advisory committee's note (1966 Am.)). Accordingly, courts are "somewhat liberal" in allowing intervention as a matter of right, *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1198 (10th Cir. 2010); *Nat'l Farm Lines v. Interstate Commerce Comm'n*, 564 F.2d 381, 384 (10th Cir. 1977), because the Rule's elements for intervention as a matter of right are flexible, practical, interdependent, and heavily fact-specific. *San Juan Cnty.*, 503 F.3d at 1195-1196 (citing 6 James Wm. Moore et al., Moore's Federal Practice § 24.03[1][b], at 24-25 (3d ed. 2006)). The right to retain control over one's own lands and to ensure the continued economic security of individual Navajo families in the Chaco Canyon area are compelling interests.

[2] In the alternative, the Navajo Allottees also believe permissive intervention for the 196 additional Navajo allottees is warranted pursuant to Rule 24(b)(2). Rule 24(b)(2) is broad and "construed liberally in favor of intervention." *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1249 (10th Cir. 2001). The rule requires intervenors to share some common "claim or defense" with the main action. As more fully explained within their individual affidavits, each of the 196 Intervenor Navajo allottees is seriously threatened by Plaintiffs' requested relief, which undermines the economic opportunity afforded to them by their allotted mineral rights.

substantial harms presented to them by Plaintiffs' requested injunctive relief. The identification of the additional 196 similarly situated allottees is detailed in the table below.

| | ADDITIONAL ALLOTTEES | |
|---|---|---|
| | Last Name | First Name |
| 1. | Alfred | Alberta |
| 2. | Anderson | Retta |
| 3. | Armstrong | Jerry |
| 4. | Atencio | Caroline |
| 5. | Atencio | James |
| 6. | Atencio | Leon |
| 7. | Atencio | Nina |
| 8. | Atencio | Pauline |
| 9. | Atencio | Rosie |
| 10. | Atencio | Rosita |
| 11. | Atencio | Ruth |
| 12. | Augustine Jr. | John |
| 13. | Augustine Sr. | Freddie |
| 14. | Augustine | Irene |
| 15. | Baker | Elouise |
| 16. | Baker | Norma L. |
| 17. | Becenti | Elvira |
| 18. | Becenti | Wilbert |
| 19. | Begay | Grace N. |
| 20. | Begay | Ida M. |
| 21. | Begay | Johnny |
| 22. | Begay | Leroy |
| 23. | Benally | Elovonne J. |
| 24. | Benally | Jean M. |
| 25. | Betselie | Helen M. |
| 26. | Beyale | Andrew L. |
| 27. | Beyale | Andy |
| 28. | Beyale | Clarence |
| 29. | Beyale | Rickie |
| 30. | Bia | Darlene |
| 31. | Bitsilly | Eddie |
| 32. | Bitsilly | Jane |
| 33. | Blueyes | Lydia |
| 34. | Brown | Patterson |

| ADDITIONAL ALLOTTEES | | |
|---|---|---|
| | Last Name | First Name |
| 35. | Brown | Sadie |
| 36. | Buck | Bertha L. |
| 37. | Bunny | Thomas |
| 38. | Canuto | Janie |
| 39. | Canuto | Van W. |
| 40. | Cayaditto | Arleen |
| 41. | Cayaditto | Elvis |
| 42. | Cayaditto | Marie |
| 43. | Charley | Andrew |
| 44. | Charley | Cora |
| 45. | Charley | David |
| 46. | Charley | Lula R. |
| 47. | Charley | Woodrow M. |
| 48. | Chavez | Andrew |
| 49. | Chavez, Jr. | Chester |
| 50. | Chavez | Elizabeth W. |
| 51. | Chavez-Herbert | Marie |
| 52. | Clah | Camella Rose |
| 53. | Cly | Bessie |
| 54. | Comanche | Tom Y. |
| 55. | Commanche | Dolly A. |
| 56. | Commanche | Helen M. |
| 57. | Commanche | Thomas |
| 58. | Dennison | Denny |
| 59. | Domingo | Royce |
| 60. | Eldridge | Rebecca |
| 61. | Escobedo | Corlina |
| 62. | Etcitty | Alice |
| 63. | Etcitty | Priscilla |
| 64. | Frank | Eugene |
| 65. | Frank | Susan |
| 66. | Frank | Trisha |
| 67. | Gracie | Matilda R. |
| 68. | George | Lucy M. |
| 69. | Gould | Clara M. |
| 70. | Guerito | Dorothy |
| 71. | Guerito | Tom |
| 72. | Haceessa | Ella M. |

| ADDITIONAL ALLOTTEES | | |
|---|---|---|
| | Last Name | First Name |
| 73. | Hacessa | Arnold C. |
| 74. | Harrison | Geraldine |
| 75. | Harrison | Hattie G. |
| 76. | Harrison | Leta R. |
| 77. | Harrison | Mary J. |
| 78. | Harrison | Pauline |
| 79. | Harrison | Ramus |
| 80. | Harrison | Susan |
| 81. | Harrison, Sr. | Steven |
| 82. | Harvey | Earl |
| 83. | Harvey | Gibson |
| 84. | Harvey | Jane D. |
| 85. | Harvey | Victoria |
| 86. | Herrera | Harriett |
| 87. | Herrera | Rita C. |
| 88. | Herrera | William |
| 89. | Hesuse | Calvin A. |
| 90. | Howard | Carol Ann |
| 91. | Jaquez | Juanita M. |
| 92. | Jim | Carl |
| 93. | Jim | Raymond |
| 94. | Jim-Pine | Mary |
| 95. | Joe | Virg |
| 96. | John | Janie |
| 97. | Johnson | Arlene |
| 98. | Jose | Leo |
| 99. | Jose | Lorette |
| 100. | Keeto | Dorothy |
| 101. | Keetso | Betty |
| 102. | Keetso | Woody |
| 103. | King | Joyce Loraine |
| 104. | Largo | Alfred |
| 105. | Largo | Danny D. |
| 106. | Largo | Esther |
| 107. | Largo | Eva Y. |
| 108. | Largo | Lucy |
| 109. | Largo | Steven |
| 110. | Largo | Teddy Roger |

| | ADDITIONAL ALLOTTEES | |
|---|---|---|
| | Last Name | First Name |
| 111. | Largo Jr. | Tommy |
| 112. | Larvingo | Letta J. |
| 113. | Larvingo | Nancy |
| 114. | Lee | Titus |
| 115. | Lente | Betty L. |
| 116. | Lewis | Rosie A. |
| 117. | Lopez | Albert |
| 118. | Lopez | Cornelia M. |
| 119. | Lopez | Evelyn C. |
| 120. | Lopez | Gary |
| 121. | Lopez | Hernandez |
| 122. | Lopez | Howard |
| 123. | Lopez | Joann C. |
| 124. | Lopez | Rita |
| 125. | Lopez | Ted |
| 126. | Manuelito | Esther C. |
| 127. | Manygoats | Mary B. |
| 128. | Martin | Robert |
| 129. | Martinez | Ann B. |
| 130. | Martinez | Anna C. |
| 131. | Martinez | Emma A. |
| 132. | Martinez | Harold A. |
| 133. | Martinez | Ronnie |
| 134. | Martinez | Willie J. |
| 135. | Monarco | Mary Ann |
| 136. | Morgan | Elowine C. |
| 137. | Myerson | Laverne |
| 138. | Norberto | Bessie B. |
| 139. | Norberto | Gloria A. |
| 140. | Norberto | Lorraine |
| 141. | Norberto | Nelson Robert |
| 142. | Pacheco | Bessie |
| 143. | Pacheco | Harold |
| 144. | Pacheco Kenneth | Eva M. |
| 145. | Palacios | Nancy |
| 146. | Pete | Jennie |
| 147. | Pine | Harold T. |
| 148. | Pioche | Mary Lou |

| | ADDITIONAL ALLOTTEES | |
|---|---|---|
| | Last Name | First Name |
| 149. | Platero | Danny |
| 150. | Platero | Rita |
| 151. | Royston | La-Vonne |
| 152. | Sala | Edith |
| 153. | Sala | Leo |
| 154. | Sam | Arlo |
| 155. | Sam, Sr. | Harold |
| 156. | Sanchez | Harry |
| 157. | Sanchez | Rose Marie |
| 158. | Sandoval | Aurelia |
| 159. | Sandoval | Bert G. |
| 160. | Sandoval | Henry |
| 161. | Sandoval | Louis Y. |
| 162. | Selz | Betty |
| 163. | Smith | Arnold |
| 164. | Smith | Harold |
| 165. | Sylvester | Lucy J. |
| 166. | Tahe | Matilda |
| 167. | Thomas | Anita |
| 168. | Thompson | Celestine |
| 169. | Thompson | Mary |
| 170. | Toledo | Louise V. |
| 171. | Thomas | Esther |
| 172. | Trujillo | Nelson |
| 173. | Tsinniginnie | Ruby D. |
| 174. | Tso | Stanley |
| 175. | Tsosie | Ethelina |
| 176. | Valdez | Anna |
| 177. | Valdez | Jessie |
| 178. | Valdez | Johnny H. |
| 179. | Valdez | Paul |
| 180. | Watson | Mary H. |
| 181. | Werito | Clifford |
| 182. | Werito | David E. |
| 183. | Werito | Louis Y. |
| 184. | Werito | Roger Sr. |
| 185. | Whitehorse | Martha |
| 186. | Willie | Linda A. |

| ADDITIONAL ALLOTTEES | | |
|---|---|---|
| | Last Name | First Name |
| 187. | Willie | Robert J. |
| 188. | Wilson | Antonio |
| 189. | Wilson | Dorothy V. |
| 190. | Wilson | Etta W. |
| 191. | Yazzie | Bennie T. |
| 192. | Yazzie | Betty L. |
| 193. | Yazzie | Betty N. |
| 194. | Yazzie | Emerson C. |
| 195. | Yazzie | Kee |
| 196. | Yazzie | Loni Sage |

As their individual affidavits demonstrate, all of the 196 additional allottees are threatened by Plaintiffs' requested relief, which could effectively deprive them of their sole or primary means of subsistence. There is substantial factual and legal overlap among the issues presented by all Intervenor Navajo Allottees. Indeed, these Navajo Nation citizens own allotted minerals that are either currently in production or permitted for production pursuant to the decisions Plaintiffs challenge in the instant lawsuit. The intervention of these additional allottees will not cause any undue prejudice as the litigation is still in its infancy. Moreover, all parties have been on notice that the Navajo Allottees intended to join additional intervenors.

All 196 additional allottees submit, concurrent with this motion, their affidavits in opposition to Plaintiffs' Motions for Temporary Restraining Order and Preliminary Injunction, detailing serious economic harms that will befall them if the injunctive relief is granted. In addition, four of the original eight Intervenors—Lilly Comanche, Virginia Harrison, Verna Martinez and Loyce Phoenix—are concurrently submitting their affidavits in opposition to Plaintiffs' Motions for Temporary Restraining Order and Preliminary Injunction.

The New Mexico portion of the Navajo Nation ("Nation") – a region referred to since 1907 as the Navajo Eastern Agency – is among the poorest and least developed parts of the state. The practical effect of Plaintiff's lawsuit is to undermine or obliterate the primary – and, in many instances, exclusive – source of expected income for the 196 allottees whose declarations are now before the Court. These Navajo (or *Diné)* own mineral rights in one of the most economically depressed areas of the Nation.

How and why the Navajo Allottees – and the 196 similarly situated *Diné* who seek to join them as Intervenors – originally came to own these mineral rights also bears on the severity of the economic harm they face because of this lawsuit. These lands, and the minerals beneath their surface, were not part of the original Navajo Indian Reservation ("Reservation") created by the Treaty of 1868 with the United States. Instead, this section of the Navajo Eastern Agency was added to the Reservation by Presidential executive order on Nov. 9, 1907. However, after intense lobbying by non-Indian ranching and railroad interests, these same lands were withdrawn from the Reservation and restored to the Federal public domain by executive orders issued on December 30, 1908 and January 16, 1911, respectively. Tragically, some Navajo families living near Chaco on former Reservation lands later received allotments, while others did not. Peter Iverson: *Diné: A History of the Navajos* 133 (University of New Mexico Press, 2002).

This portion of the San Juan Basin has been under oil and gas development for more than 60 years. Subsequently, when legislation creating the current Chaco Culture National Historic Park was enacted in 1980, Congress carefully affirmed and protected "the valid existing rights of private property owners," including the rights of these and other allottees, to develop their allotments through oil and gas production. 16 U.S.C. Section 410ii(a). Congress appropriately

recognized that most of the area is too arid for farming and has only very limited grazing potential. Continued oil and gas development remains the only viable economic activity. For these 196 individuals, it is an economic necessity.

For the foregoing reasons, the Navajo Allottees move to intervene as of right pursuant to Rule 24(a) or, alternatively, permissively under Rule 24(b) for the intervention of the 196 similarly situated allottees identified herein.

Pursuant to D.N.M.LR-Civ. 7.1(a), the undersigned has conferred with counsel for all parties and states that this Motion is opposed by Plaintiffs.

Respectfully submitted,

**GREENBERG TRAURIG**

*s/ Troy A. Eid*
Troy A. Eid, D. N.M. Bar No. 19-166
Jennifer H. Weddle, D. N.M. Bar No. 19-163
Matthew Crockett
Francesca Ciliberti-Ayres
1144 15th Street, Suite 3300
Denver, Colorado 80202
Phone: (303) 572-6521
Fax: (303) 572-6540
eidt@gtlaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of November 2019, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*s/ Troy A. Eid*

| | |
|---|---|
| Kyle Tisdel<br>Julia Guarino<br>WESTERN ENVIRONMENTAL LAW CENTER<br>tisdel@westernlaw.org<br>guarino@westernlaw.org<br><br>Daniel Timmons<br>Samantha Ruscavage-Barz<br>WILDEARTH GUARDIANS<br>dtimmons@wildearthguardians.org<br>sruscavagebarz@wildearthguardians.org<br><br>Karimah Schoenhut<br>SIERRA CLUB<br>karimah.schoenhut@sierraclub.org<br><br>***Attorneys for Plaintiffs*** | Hadassah M. Reimer<br>John Frederick Shepherd<br>Robert J Sutphin<br>Kristina R. Van Bockern<br>HOLLAND & HART LLP<br>hmreimer@hollandhart.com<br>jshepherd@hollandhart.com<br>rsutphin@hollandhart.com<br>trvanbockern@hollandhart.com<br><br>***Attorneys for Intervenors***<br>***BP America Production Co. &***<br>***DJR Energy Holding, LLC*** |
| Christopher F. Jeu<br>Andrew A Smith<br>Corinne Virginia Snow<br>U.S. ATTORNEY'S OFFICE<br>christopher.jeu@usdoj.gov<br>andrew.smith@usdoj.gov<br>corinne.snow@usdoj.gov<br><br>***Attorneys for Defendants*** | Jens Jensen<br>James M Noble<br>Keith D. Tooley<br>Rebecca W. Watson<br>WELBORN SULLIVAN MECK & TOOLEY<br>jjensen@wsmtlaw.com<br>jnoble@wsmtlaw.com<br>ktooley@wsmtlaw.com<br>rwatson@wsmtlaw.com<br><br>***Attorneys for Intervenors***<br>***Enduring Resources IV, LLC*** |
| Bradley Ervin<br>Steven Rosenbaum<br>COVINGTON & BURLING, LLP<br>bervin@cov.com<br>srosenbaum@cov.com<br><br>John J. Indall<br>MALDEGEN, TEMPLEMAN & INDALL, LLP<br>jindall@cmtisantafe.com<br><br>***Attorneys for Intervenor Defendant American Petroleum Institute*** | |