IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

---

DINÉ CITIZENS AGAINST RUINING OUR
ENVIRONMENT, *et al.*,

    Plaintiffs,

v.

DEBRA HAALAND,
in her official capacity as Secretary of
the United States Department of the Interior, *et al.*,

    Federal Defendants;

and

DJR ENERGY HOLDINGS, LLC., *et al.*,

    Intervenor-Defendants.

Case No. 1:19-cv-00703-WJ-JFR

## ORDER GRANTING JOINT MOTION
## TO SET BRIEFING SCHEDULE ON POST-REMAND REMEDY

This matter comes before the Court on the Parties' Joint Motion to Set a Briefing Schedule on Post-Remand Remedy (**Doc. 133**). On August 3, 2021, this Court entered a Memorandum Opinion and Order Denying Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction and Dismissing Plaintiffs' Claims with Prejudice (**Doc. 125**). Plaintiffs appealed to the United States Court of Appeals for the Tenth Circuit. On February 1, 2023, the Tenth Circuit issued its opinion *Dine Citizens Against Ruining Our Environment v. Haaland*, 59 F.4th 1016 (10th Cir. 2023), wherein the Tenth Circuit affirmed in part, reversed in part, and remanded for this Court to consider the appropriate remedy for the National Environmental Policy Act violations identified.

Now on remand, this Court agrees with the parties that additional briefing is necessary. In keeping with the Tenth Circuit's mandate, the Court requests the parties brief the following issues

related to the already approved applications for permits to drill ("APDs"): (1) whether vacatur of the APD approvals is warranted; (2) if vacatur is not warranted, whether this Court should enjoin the development of the already approved APDs; and (3) if neither vacatur nor injunctive relief are appropriate, what remedy the parties suggest the Court fashion. The parties may also brief any additional issues they deem necessary to effectuate the Tenth Circuit's mandate.

As to the question of vacatur, the parties are instructed to brief the test adopted by the Tenth Circuit from the D.C. Circuit's decision *Allied-Signal*, including (1) the seriousness of the Bureau of Land Management's ("BLM") deficiencies—i.e., the extent of doubt as to whether BLM chose correctly; and (2) the disruptive consequences of an interim change that may itself be changed. *Dine Citizens Against Ruining Our Env't*, 59 F.4th at 1049. As to the first factor, the Tenth Circuit made clear this Court should consider the extent of doubt as to whether BLM chose correctly to reaffirm the Findings of No Significant Impact—not whether it chose correctly to approve the drilling permits. *Id.* As to the second factor, the Tenth Circuit instructed this Court to consider both the disruptive consequences to the oil and gas industry as well as the potential environmental damage that might continue unabated while BLM revisits its determinations. *Id.*

Because of the fact-intensive nature of both the vacatur and injunction analyses, the Court expects an evidentiary hearing may be necessary following the completion of briefing. The Court requests the parties confer and determine whether an evidentiary hearing is needed or whether the parties can stipulate to the relevant facts so that the Court can determine the appropriate remedy based on the written record. The parties are advised that the Court currently has a six-week, multiple defendant criminal jury trial scheduled to begin in September of 2023 which currently is the case on the Court's docket with the highest priority. Thus, an evidentiary hearing during and leading up to that trial will be infeasible for the Court.

In the Joint Motion, the parties proposed a briefing schedule. The Court hereby **GRANTS** the Motion and adopts the proposed briefing schedule:

1. On or before May 4, 2023, Plaintiffs shall file their opening remedy brief.

2. On or before June 1, 2023, Federal Defendants shall file their response remedy brief.

3. On or before June 15, 2023, Intervenor Defendants shall file their response remedy briefs.

4. On or before June 29, 2023, Plaintiffs shall file their reply remedy brief.

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE