# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

Civil Action No. 1:19-cv-00703

DINÉ CITIZENS AGAINST RUINING OUR ENVIRONMENT;
SAN JUAN CITIZENS ALLIANCE;
SIERRA CLUB; and
WILDEARTH GUARDIANS,

       Plaintiffs,

v.

DEBRA HAALAND, in her official capacity as Secretary of the United State Department of the
Interior;
UNITED STATES BUREAU OF LAND MANAGEMENT, an agency of the U. S. Department of
Interior;
TIM SPISAK, in his official capacity as Acting New Mexico State Director of the United State
Bureau of Land Management; and
RICK FIELDS, in his official capacity as Field Manager of the United States Bureau of Land
Management, Farmington Field Office.

       Federal Defendants.

---

## DECLARATION OF MICHAEL E. LINDSAY

---

       I, Michael E. Lindsay, hereby declare:

       1.       I am Of Counsel in the Denver, Colorado office of the law firm of Snell & Wilmer

L.L.P.  My practice focuses on complex commercial litigation, with emphasis on contract disputes,

real estate and construction matters, and employment claims.

       2.       I have substantial trial experience in both traditional court and jury cases, as well as

alternative dispute resolution mechanisms, such as arbitration and mediation.

Exhibit E

3.      I am a member of the American Bar Association, the Colorado Bar Association and the Washington Bar Association. I have been licensed to practice in the state of Colorado since 1985 and the state of Washington since 1990. I have been practicing law in the Denver, Colorado metropolitan area since 1985. I have received, and continue to hold, the highest rating of AV from Martindale-Hubbell.

4.      I have been retained on numerous occasions as an expert witness on attorneys' fees and cost applications and petitions. *See* Exhibit E-1. Moreover, as counsel for prevailing parties in numerous cases, I have submitted fee petitions and affidavits in support of my positions in such cases. Based upon my experience and research in the area, I am familiar with the hourly rates charged by members of the civil litigation bar in the Denver community, costs associated with litigating civil suits and costs incurred by lawyers in connection with litigation that are customarily charged to clients.

5.      Attorneys for plaintiffs Diné Citizens Against Ruining Our Environment ("Diné CARE), *et al.*, in the instant case have asked me to provide this affidavit to address the attorneys' fees incurred in connection with the successful disposition of the NEPA claims raised by CHC in this action.

6.      My hourly rate is $730. This is the rate that I bill to clients whom I represent on a straight hourly basis. The hourly rates of my partners at Snell & Wilmer L.L.P.  in the litigation department generally range from $575 to $785. The hourly rates of senior associates at Snell & Wilmer L.L.P. in the litigation department generally range from $500 to $650.

7.      I am a former member of the Board of Directors for the Western Environmental Law Center ("WELC"). As such, I have been very familiar with the legal practice of WELC for

Exhibit E

many years, and am knowledgeable about the extent and type of practice in which WELC attorneys work.

8.       I am familiar with the background, experience, reputation and skill of Kyle J. Tisdel, Julia Guarino, and Allyson Beasley, the WELC attorneys principally responsible for this case. I have also reviewed the declarations of Daniel Timmons and Samantha Ruscavage-Barz, attorneys with WildEarth Guardians. Based on each of their respective backgrounds, experience and skill, the hourly rates charged ($360 – $500 for Mr. Tisdel, $230 -- $360 for Ms. Beasley, and $280 for Ms. Guarino; $290 -- $420 for Mr. Timmons, and $330 -- $460 for Ms. Ruscavage-Barz) are eminently reasonable rates in the Denver legal community for attorneys of like skill and experience. In reaching this conclusion I note that each of these attorneys has practiced law for a period of time commensurate with their respective hourly rates, and that each has been materially involved in numerous complex environmental cases in a variety of forums.

9.       Having reviewed relevant filings in this matter, I am generally familiar with the nature of the claims asserted by Diné CARE and the manner in which the case was dealt with by the parties. Based on that review, I conclude that the total amount of fees and costs incurred in this matter by Diné CARE from August of 2019 through April of 2024, in the amount of $491,721.47 ($478,533 in fees and $13,188.47 in costs), and the total number of hours incurred in this matter, 1380.1 for all five attorneys, is reasonable and necessarily incurred. I base this conclusion on the factors set forth in Colorado Rules of Professional Conduct Rule 1.5, including the time and labor required and the skill requisite to perform the legal services properly, the fee customarily charged in the locality for similar legal services, the amount involved, and the results obtained, and the experience, reputation, and ability of the lawyers performing the services.

3

Exhibit E

10.     In this case, counsel for Diné CARE submitted a merits brief in which it claimed the government's analysis for the oil and gas drilling permits authorized across the Greater Chaco landscape was deficient under NEPA in its analysis of climate impacts, greenhouse gas emissions, and air quality pollution and human health. The adverse ruling at the District Court was then successfully appealed to the United States Court of Appeals for the Tenth Circuit (Case No. 21-2116). *Diné CARE v. Haaland*, 59 F.4th 1016 (10th Cir. 2023).

11.     In the Tenth Circuit's decision, the Court held for Plaintiff-Appellants on several critical claims. In considering whether BLM took the required hard look at the cumulative impacts of greenhouse gas emissions of approved oil and gas wells, the Court rejected the agency's comparative analysis to regional, national, and global emissions, finding "it is not clear how BLM concluded the GHG emissions from the 370 oil and gas wells would contribute to climate change only in a de minimis way based on this analysis." *Diné CARE*, 59 F.4th at 1042. The Tenth Circuit continued, providing that "comparative analysis proves only that there are other, larger sources of GHGs. It does not show that this source, which is anticipated to emit more than 31 million metric tons of carbon dioxide equivalents, will not have a significant impact on the environment." *Id.* In considering whether BLM applied appropriated methodologies to consider the significance of those emissions, and in particular its choice to reject Global Carbon Budgets analysis, the Tenth Circuit recognized that "NEPA does not give BLM the discretion to ignore the impacts to the environment when there are methods for analyzing those impacts. So, while it is correct that BLM need not use any specific methodology, it is not free to omit the analysis of environmental effects entirely when an accepted methodology exists to quantify the impact of GHG emissions from the approved APDs … Where BLM neither applied the carbon budget method nor explained why it did not, BLM acted arbitrarily and capriciously by failing to consider the impacts of the projected GHGs." *Id.* at 1043-

44. Ultimately, the Tenth Circuit held that "BLM acted arbitrarily and capriciously in its analysis of GHG emissions by failing to take a hard look at the (1) direct and indirect impacts of GHG emissions by using an annual total of emissions to represent emissions for a twenty-year period, and (2) cumulative impacts of GHG emissions by relying solely on percentage comparisons where at least one more precise method was available." *Id.* at 1044.

12.     With respect to air pollution and impacts to human health, the Tenth Circuit held that "BLM did not account for the cumulative impact to HAP emissions from the wells. Instead, BLM stated the increase in HAP emissions would be for a short time during the construction and completion of the wells, so it would not cause long-term exposure or health impacts. This may be true for one well, but BLM anticipates that more than 3,000 similar wells will be drilled in the San Juan Basin over the next several years … This could cause long-term exposure for individuals who live in or visit the San Juan Basin. And long-term exposure, according to BLM, could increase the cancer risk for individuals who live or spend time in the San Juan Basin … Therefore, BLM acted arbitrarily and capriciously by failing to take the necessary hard look at the impacts to air and health from HAP emissions." *Id.* at 1047.

13.     As indicated, based on my experience and expertise, I believe that the fees and costs sought by Plaintiffs in this case are certainly reasonable. If necessary, I would be willing to provide verbal testimony in support of my opinions.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 1, 2024.

Michael E. Lindsay

# Exhibit E-1
## Michael E. Lindsay - Expert Cases[1]

| Case Name | Court / Case No. | On Behalf Of | Attorney/Firm Hiring | Hired M/Y | Affidavit Date Report Date Testified Date | S&W C/M # |
|---|---|---|---|---|---|---|
| *Jill Clinton* <br> *v.* <br> *John R. Hopkins, II, Aka John Hopkins, aka Jack Hopkins and Protecto Wrap Company, an Oklahoma Corporation* | Denver County District Court 2004cv1536 | Defendants John R. Hopkins, II, aka John Hopkins, aka Jack Hopkins and Protecto Wrap Company, an Oklahoma Corporation | Matthew M. Wolf Allen & Vellone | 3/06 | Affidavit – 3/-/06 <br> Report – n/a <br> Testified – n/a | 50541.00002 |
| *Cameron Yost; Lyle Yost; Winston Yost; and Byron Yost* <br> *v.* <br> *Banyan Corporation* <br> *v.* <br> *Anderson Thompson Corporation, Lloyd K. Parrish, Jr., Steven M. Feder D/B/A Feder Law Firm* | Denver County District Court 2005cv8902 | Steven M. Feder Feder Law Firm | Steven M. Feder Feder Law Firm | 9/06 | Affidavit – 9/18/06 <br> Report – n/a <br> **Testified – 12/8/06** | 51743.00001 |
| *Marcia Martin O'Hagan* <br> *v.* <br> *Harmony Equity, LLC* | | Plaintiff Marcia Martin O'Hagan | Patrick Vellone Allen & Vellone | 10/06 | n/a | 50541.00005 |
| *Franklin D. Azar & Associates, P.C., and Franklin D. Azar, individually* <br> *v.* <br> *Rose Ann Barranco, f/k/a/ Rose Ann Bridgers and Richard P. Kaufman* | Arapahoe County District Court 2010cv990 | Defendant Rose Ann Barranco | Eric Jonsen Jonsen Law Firm | 7/10 | Affidavit – 7/12/10 <br> Report – n/a <br> **Testified – 10/26/10** | 50252.00002 |
| *The People of the State of Colorado* <br> *v.* <br> *Joseph Coleman* | 10PDJ076 | Colorado Supreme Court <br> *Expert witness on real estate matters in a disciplinary hearing regarding a client conflict issue | Colorado Supreme Court | 6/11 | Affidavit – n/a <br> Report – 4/30/12 <br> Testified – n/a | 60755.00001 |

---

[1] All cases pertain to reasonableness of attorneys' fees unless otherwise indicated.

| Case Name | Court / Case No. | On Behalf Of | Attorney/Firm Hiring | Hired M/Y | Affidavit Date Report Date Testified Date | S&W C/M # |
|---|---|---|---|---|---|---|
| *University Corporation for Atmospheric Research* <br> *v.* <br> *Weather Modification Inc.* | AAA <br> 77 181 00312 11 TNM | Claimant UCAR | Elizabeth Bryans <br> Allen & Vellone | 7/12 | Affidavit – 7/24/12 <br> Report – n/a <br> Testified – n/a | 50541.00007 |
| *John Gordon, individually and for the benefit of Madison Niche Opportunities Fund, LLC, a Delaware Limited Liability Company, Madison/Pramerica Niche Assets Fund, LLC, a Delaware Limited Liability Company, Madison/Pramerica Niche Assets Fund, Ltd., a Cayman Islands Company, Madison Niche Opportunities Master Fund, Ltd., a Cayman Islands Company, and Madison/Pramerica Niche Assets Master Fund, Ltd., a Cayman Islands Company* <br> *v.* <br> *M Capital Services, LLC, f/k/a Madison Services Company, LLC; Madison/Pramerica Investment Partners 1, LLC; Madison Investment Partners 24, LLC; Madison W Investment Partners 1, LLC; Bryan Gordon; Barbara O'Hare; Gregory Buczynski; McGladrey & Pullen, LLP; Madison/Pramerica Management Company 1, LLC; Madison/Pramerica Capital Advisors 1, LLC; Madison/Prudential Realty Partners, LLC; Madison Capital Group, LLC; Madison Management Company 1, LLC; Madison Capital Advisors 1, LLC; Madison Capital Advisors, LLC; Madison Capital Management, LLC; BTrue Productions, LLC; The Harmony Group II, LLC; Calahan Ventures I, LLC; and, T.D. Ameritrade, Inc. for the benefit of Madison Niche Assets Fund, Ltd., a Cayman Islands Company, and Madison Niche Assets Master Fund, Ltd., a Cayman Islands Company* | Arapahoe County District Court <br> 2009cv2458 | Defendants Madison Entities, Gregory Buczynski, Bryan Gordon and Barbara O'Hare | Denise Riley <br> Friesen Lamb | 11/12 | Affidavit – 11/1/12 <br> Report – n/a <br> Testified – n/a | 63465.00001 |

| Case Name | Court / Case No. | On Behalf Of | Attorney/Firm Hiring | Hired M/Y | Affidavit Date Report Date Testified Date | S&W C/M # |
|---|---|---|---|---|---|---|
| *Citizens For A Healthy Community* <br> *v.* <br> *United States Department Of The Interior, An Agency Of The United States; And United States Bureau Of Land Management, An Agency Within The United States Department Of The Interior* | USDC Colorado 1:12-cv-01661-RPM | Plaintiff Citizens for a Healthy Community | Western Environmental Law Center (WELC) | 6/13 | Affidavit - 6/28/13 <br> Report – n/a <br> Testified – n/a | 99999.05343 |
| *Colorado Capital Bank* <br> *v.* <br> *Dollaghan, et al. and First Citizens Bank & Trust v. Dollaghan, et al.* | Boulder County District Court 2011cv289 2012cv30163 | First Citizens Bank & Trust Company | George Berg <br> Heidi Potter <br> Berg Hill Greenleaf & Ruscitti LLP | 8/13 | Affidavit – n/a <br> Report 10/11/13 <br> Testified – n/a | 64691.00001 |
| *Terry O'Connell and Brenda O'Connell* <br> *v.* <br> *James A. Gordon a/k/a Jim Gordon d/b/a Access Property Brokers; Christine A. Kelly a/k/a Chris Kelly d/b/a Access Property Brokers; CAL Investments, LLC and C. Real Estate, LLC* | Denver County District Court 2011cv5725 | Defendant Christine A. Kelly a/k/a Chris Kelly | Kevin Allen <br> Allen & Vellone | 3/15 | Affidavit – 2/10/15 <br> Supp Aff - 4/23/15 <br> Report – n/a <br> Testified – n/a | 50541.00008 |
| *The Belinda A. Begley and Robert K. Hirsch Revocable Trust, Robert K. Hirsch and Belinda A. Begley* <br> *v.* <br> *Myrtle Ireson, Virginia Hoeckele, Andrew J. Gibbs, and Gibbs Young, LLC* | Denver County District Court 2015cv30222 | Defendants Myrtle Ireson Virginia Hoeckele | Eric Jonsen <br> Jonsen Law Firm | 8/15 | Affidavit – 8/6/15 <br> Report – n/a <br> **Testified – 2/23/16** | 50252.00003 |
| *SDI, Inc., a Colorado Corporation* <br> *v.* <br> *Pivotal Parker Commercial, LLC, a Delaware Limited Liability Company* | Douglas County District Court 2006cv39 | Defendant Pivotal Parker Commercial, LLC | Kim Seter <br> Seter Vander Wall, P.C. | 10/16 | Affidavit - 11/4/16 <br> Report – n/a <br> Testified - n/a | 71975.00001 |

Exhibit E-1

| Case Name | Court / Case No. | On Behalf Of | Attorney/Firm Hiring | Hired M/Y | Affidavit Date Report Date Testified Date | S&W C/M # |
|---|---|---|---|---|---|---|
| *Meeper, LLC, a Colorado Limited Liability Company*<br>*v.*<br>*Lewis Roca Rothgerber Christie, LLP, an Arizona Limited Liability Partnership, Kristin M. Bronson, an Individual and Colorado Resident, and Trevor H. Bartel, an Individual and Colorado Resident* | Denver County District Court 2017cv31972 | Defendants Lewis Roca Rothgerber Christie, LLP, Kristin, M. Bronson, and Trevor H. Bartel<br>*Expert witness on standard of care for attorneys engaged in real estate litigation. | John M. Palmeri<br>Gordon Rees Scully Mansukhani, LLP | 2/18 | | 75174.00001 |
| *Charles Busch, Gary Grilo, Abby Hyams, David Hyams, Adam Jacobson, Isaac Jacobson, Krisztina Megyesy, Debbie Miller, Jonathan Miller, Mike Mossner, Brandon Redshirt, Steven Schefe, and Robert Sickler*<br>*v.*<br>*Public Storage* | Denver County District Court 2017cv31305 | Plaintiffs Charles Busch, Gary Grilo, Abby Hyams, David Hyams, Adam Jacobson, Isaac Jacobson, Krisztina Megyesy, Debbie Miller, Jonathan Miller, Mike Mossner, Brandon Redshirt, Steven Schefe, And Robert Sickler | James S. Helfrich<br>Allen Vellone Wolf Helfrich & Factor P.C. | 5/18 | Affidavit – n/a<br>Report – 5/22/18<br>**Testified – 5/25/18** | 50541.00009 |
| *Platte River Midstream, LLC, A Colorado Limited Liability Company*<br>*v.*<br>*LW Survey Company, an Illinois Company, Darren R. Wolterstorff, an Individual, TRC Companies, Inc., a Delaware Company, and Janet Monheiser, an Individual* | Denver County District Court 2020CV32128 | Plaintiff Platte River Midstream, LLC | Jonathon D. Bergman<br>Davis, Graham & Stubbs LLP | 12/20 | Affidavit – n/a<br>Report – 1/25/21<br>Testified – n/a | 75658.00002 |
| *Let's Go Aero, Inc.*<br>*v.*<br>*Forecome Ltd.* | International Court of Arbitration of the International Chamber of Commerce 25644/PDP | Clamant Let's Go Aero, Inc. | Eric Jonsen<br>Allen Vellone Wolf Helfrich & Factor P.C. | 5/22 | Affidavit – n/a<br>Report – 6/7/22<br>Testified – n/a | 50541.00010 |

4

Exhibit E-1

| Case Name | Court / Case No. | On Behalf Of | Attorney/Firm Hiring | Hired M/Y | Affidavit Date Report Date Testified Date | S&W C/M # |
|---|---|---|---|---|---|---|
| *Havana Auto Parts, Inc.* <br> *v.* <br> *Western Logistics, Inc., d/b/a Diligent Delivery Systems* | AAA 01-22-0004-6775 | Claimant Havana Auto Parts, Inc. | Kevin Allen Allen Vellone Wolf Helfrich & Factor P.C. | 3/23 | Affidavit – 4/10/23 Report – n/a **Testified – 5/25/23** | 50541.00011 |
| *Coleman Ranches, Inc., James T. Coleman, and Cynthia A. Lenn* <br> *v.* <br> *Calvin James Coleman* | Saguache County District Court 2022CV6 | Defendant Calvin Coleman | James S. Helfrich Allen Vellone Wolf Helfrich & Factor P.C. | 11/23 | Affidavit – n/a Report – 11/29/23 **Testified -12/5/23** | 50541.00012 |

5